IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANCELL HAMM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHIEF JUSTICE CASTILLE, et al. | : | No. 13-5185 |

## MEMORANDUM AND ORDER

AND NOW, this 10th day of September 2013, having considered the pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Ancell Hamm, I make the following findings and reach the following conclusions:

1. Petitioner is a state prisoner currently incarcerated in the Fayette State Correctional Institution in LaBelle, Pennsylvania. He is serving two consecutive life sentences for murdering two police officers in 1972.

2. Petitioner has filed at least 16 petitions with this court seeking habeas corpus relief. His previous petitions have all been dismissed or denied. The United States Court of Appeals for the Third Circuit has denied multiple applications by Petitioner for authorization to file a second or successive writ of habeas corpus. The United States Supreme Court denied Petitioner's Petition for writ of certiorari on May 12, 2008.

3. As in previous filings, Petitioner once again seeks relief arguing that there was no subject matter jurisdiction over him at the time of his conviction; that the trial court had no authority to re-impose two consecutive life sentences upon remand; and that the Pennsylvania Supreme Court has engaged in a conspiracy to keep him imprisoned.

4. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that before a second or successive petition is filed in the district court, the prisoner must first move in the appropriate circuit court for an order authorizing the district court to consider the petition. 28 U.S.C. 2244(b)(3)(A); see also In re Minarik, 166 F.3d 591, 609 (3d Cir. 1999).

5. Petitioner makes numerous arguments which all relate to his assertion that he is being confined without a valid conviction. Each of these claims has been previously addressed over the course of Petitioner's lengthy litigation history. Petitioner has not received authorization from the Third Circuit Court of Appeals to file a successive habeas petition related to the instant conviction. As a result, Petitioner's habeas petition must be dismissed.

Based upon the foregoing, **I HEREBY ORDER** that the petition is **DISMISSED WITH PREJUDICE AND WITHOUT A HEARING.**

**I FURTHER ORDER** that no certificate of appealability will be issued pursuant to 28 U.S.C. § 2253 because Petitioner has failed to make a substantial showing of a denial of a constitutional right.

The Clerk of Court is hereby directed to mark this case closed. No further filings shall be accepted by the Clerk of Court under this or any other docket number regarding this state court conviction without the prior approval of this court or authorization from the Third Circuit Court of Appeals.

/s J. William Ditter, Jr.
J. WILLIAM DITTER, JR., J.